IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

MARK D. ROBINSON,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No.  13 C 4696
                                 )
CHIEF JUDGE TIMOTHY EVANS,       )
                                 )
          Defendant.             )

                         MEMORANDUM ORDER

     For some unexplainable reason the pro se Complaint filed by Mark Robinson ("Robinson"), although filed some three weeks ago, was never brought to this Court's attention until it followed its periodic practice of requesting and obtaining a printout of pending motions in cases assigned to its calendar. That printout reflected the existence of Robinson's In Forma Pauperis Application ("Application," Dkt. 4) and Motion for an Attorney Representation ("Motion," Dkt. 5). This Court has obtained photocopies of both those documents and the Complaint, and it hastens to address the problematic nature of the Complaint that calls for its dismissal.

     Robinson has sued Chief Judge Timothy Evans of the Circuit Court of Cook County, complaining of what Robinson characterizes as Judge Evans' failure to respond to Robinson's complaint about conduct by another Circuit Court Judge. It is not at all clear whether or not Chief Judge Evans has any legal responsibility in that respect - but whether the answer to that

question is positive or negative, it is clear that in either event Robinson cannot invoke 28 U.S.C. §1983 ("Section 1983") as a predicate for suing Chief Judge Evans.

In Illinois, charges of misconduct on the part of any state court judge are within the purview of Illinois' Judicial Inquiry Board (Ill. Const. Art. 6, §15 (b) thru (d)) and of the Illinois Courts Commission (id. §15(e) through (j)), not of some other individual judge (even the Chief Judge of the court to which the complained - of judge is assigned). That being so, Chief Judge Evans cannot be charged with a claimed violation of Robinson's consitutional rights so as to implicate Section 1983.

Suppose however that such is not the case, so that the responsibility that Robinson seeks to thrust on Chief Judge Evans is indeed part of the latter's judicial responsibility. In that event Chief Judge Evans would be shielded from suit by the absolute immunity conferred on judges exercising their judicial functions, an immunity reconfirmed nearly a half century ago in Pierson v. Ray, 386 U.S. 547 (1967) and reiterated time and again since then by that case's progeny.

Accordingly, Robinson's attempted action here is fatally flawed in all events, and this Court orders the dismissal of both the Complaint and this action.

2

That dismissal moots both the Application and the Motion, so that each of them is denied on mootness grounds.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 29, 2013