```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

MARK D. ROBINSON,                )
                                 )
              Plaintiff,         )
                                 )
     v.                          )   No.  13 C 4696
                                 )
CHIEF JUDGE TIMOTHY EVANS,       )
                                 )
              Defendant.         )
```

## MEMORANDUM ORDER

Pro se litigant Mark Robinson ("Robinson") just doesn't get it. This Court has told him not once but twice that the principles of absolute judicial immunity insulate state court Judge Timothy Evans from being sued on the claim that Robinson advances (see this Court's July 29, 2013 memorandum order, which was supplemented by an oral explanation to the same effect when Robinson then came to court to seek reconsideration). Now Robinson has tendered a hand-printed Notice of Appeal ("Notice") in which he inexplicably names this Court (!) rather than Chief Judge Evans as the defendant[1] and accompanies that hand-printed Notice with two forms of request for preparation of the record on appeal--but he uses Circuit Court of Cook County forms for that purpose!

With no court record having reflected Robinson's payment of the $455 in appellate fees, and with the District Court docket

---

[1] Even that mistake is doubly mistaken, for he lists this Court's last name as "Shudaz."

lacking an appropriate request for in forma pauperis ("IFP") treatment, this memorandum order had been dictated and transcribed directing Robinson to pursue either of those paths. But as the order to that effect was about to be issued, this Court received via ECF a copy of our Court of Appeals' August 15 order directing that Robinson's IFP request (which had been delivered to that court) be transferred to this District Court for ruling. That In Forma Pauperis Application ("Application"), which utilizes the printed form provided by this District Court's Clerk's Office, has been transferred here and is now in hand.

Although Robinson's hand-printed completed of the Application amply demonstrates his inability to pay the fees imposed by the Court of Appeals, he fails in his effort to obtain IFP treatment under the principle exemplified by <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000). Because any appeal on his part would be just as frivolous in the legal sense as his original action, such cases as <u>Lee</u> call for the denial of the Application, and this Court so orders.[2]

_____
   Milton I. Shadur
   Senior United States District Judge

Date: August 19, 2013

---

[2] Robinson may of course renew his effort to obtain IFP status in the Court of Appeals.